*657 OPINION OF THE COURT
Joseph Harris, J.
Plaintiff moves pursuant to CPLR 3212 for an order granting it summary judgment on its first cause of action for breach of certain express and implied warranties and representations made by defendant to plaintiff. Defendant opposes the motion and cross-moves pursuant to CPLR 3212 for an order granting it summary judgment dismissing plaintiff’s complaint in its entirety. Plaintiff opposes defendant’s cross motion as it relates to the first cause of action set forth in plaintiff’s complaint, but consents to an order granting defendant summary judgment dismissing the second, third, and fourth causes of action set forth in plaintiff’s complaint. Accordingly, defendant’s cross motion for summary judgment with respect to the second, third and fourth causes of action set forth in plaintiff’s complaint is hereby granted upon plaintiff’s consent.
Plaintiff ordered various insurance forms, including defendant’s New York cancellation notice form NYOP-31, from defendant for use in conjunction with its policies of insurance. In conjunction with the sale of forms, defendant agreed to keep advised of State laws and regulations relating to insurance forms and further agreed to notify plaintiff of same. Form NYOP-31 conformed with applicable State laws and regulation at the time of sale. However, thereafter said form did not comply with section 313 (1) (a) of the Vehicle and Traffic Law which requires that the form include a statement that proof of financial security must be maintained throughout the registration. Because of this omission, the form was determined to be ineffective (see, Barile v Kavanaugh, 67 NY2d 392 [1986]).
As a result, policies of insurance issued by plaintiff which plaintiff had intended and attempted to cancel by service of defendant’s New York cancellation notice form NYOP-31 (April 1984 and November 1984 editions) were not cancelled and remained in full force and effect. Consequently, plaintiff has been compelled to make payments on said policies.
Plaintiff’s first cause of action, the subject of the instant motion and cross motion, alleges that: (1) defendant made certain express and implied warranties and representations with reference to the April 1984 and November 1984 editions of its New York cancellation notice form NYOP-31; (2) plaintiff relied on said express and implied warranties and repre *658 sentations; (3) defendant breached and violated said express and implied warranties and representations; and (4) plaintiff has been damaged as a result of defendant’s breach.
Defendant asserts that it is entitled to summary judgment with respect to plaintiff’s first cause of action because defendant disclaimed all express and implied warranties and effectively excluded any claim for consequential damages, which is all that plaintiff seeks to recover. Paragraph 12 of defendant’s "Standard Terms and Conditions of Sales Orders”, entitled "warranties” states, in relevant part, that "a. * * * Further, it does not warrant that the forms are fit, legally or otherwise for their intended purpose or use. The obligation of Moore under this warranty is limited at Moore’s option to the replacement or reworking of the defective goods or the return of the applicable purchase price * * * The obligations of Moore under these warranties are exclusive * * * 'this warranty IS GIVEN IN LIEU OF ANY OTHER REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.’ ”
Paragraph 13 of the above-referenced document, entitled "limitation of liabilities”, states that "The sole and exclusive remedies of the purchaser shall be those specifically set forth in paragraph 12 and any 'warranty certificate’ and except for personal injuries, in no event shall Moore be liable for incidental or consequential damages arising from any cause whatsoever” (emphasis added).
UCC 2-719 (1) (a) states that the parties’ "agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer’s remedies to return of the goods and repayment of the [purchase] price or to repair and replacement of non-conforming goods or parts.” The contract entered into between the parties herein contained exactly such a limitation.
UCC 2-719 (3) states that "[consequential damages may be limited or excluded unless the limitation Or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.” The limitation of consequential damage clause entered into between the parties herein relates to *659 commercial loss and not to personal injury. It therefore is not prima facie unconscionable.
Contrary to plaintiff’s contentions the limited remedy of repair and a consequential damages exclusion are two discrete ways of attempting to limit recovery for breach of warranty. The UCC " 'tests each by a different standard. The former survives unless it fails of its essential purpose, while the latter is valid unless it is unconscionable * * * [Thus,] the failure of the limited remedy provided in the contract, without more, [does not invalidate] a wholly distinct term in the agreement excluding consequential damages.’ ” (Cayuga Harvester v Allis-Chalmers Corp., 95 AD2d 5, 16; Belfont Sales Corp. v Gruen Indus., 112 AD2d 96.)
Where, as here, businessmen contract in a commercial setting, a presumption of conscionability arises (2 Anderson, Uniform Commercial Code § 2-302:39, at 444 [3d ed]). "As a general [rule], unconscionability 'requires some showing of "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party”.’ ” (Rubin v Telemet Am., 698 F Supp 447, 450 [SD NY 1988], quoting State v Avco Fin. Servs., 50 NY2d 383 [1980], quoting Williams v Walker Thomas Furniture Co., 350 F2d 445, 449 [DC Cir 1965].)
Prior to entering into a contractual relationship with defendant, plaintiff purchased its forms from another company. Therefore, plaintiff did not lack a meaningful choice.
Accordingly, defendant effectively excluded consequential damages as a matter of law.
UCC 2-316 (2) states that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be in writing and conspicuous.” UCC 1-201 (10) states that "[a] term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printing heading in capitals (as: Non-negotiable Bill of Lading) is conspicuous. Language in the body of a form is 'conspicuous’ if it is in larger or other contrasting type or color.”
Defendant’s disclaimers of merchantability, fitness and other express and implied warranties satisfy, as a matter of *660 law, the conspicuousness requirements of UCC 1-201 (10) and 2-316 (2).
Accordingly, defendant’s cross motion for summary judgment dismissing plaintiffs first cause of action is hereby granted. Plaintiffs motions are denied.