■ CANSTAR, Respondent, v J.A. JONES CONSTRUCTION COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. ALCATEL CANADA WIRE INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [622 NYS2d 730] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 8, 1993, which, *inter alia,* dismissed defendant and third-party plaintiff's first counterclaim for breach of contract to the extent it sought damages in excess of $1,000 per day, dismissed its second counterclaim for fraudulent inducement/misrepresentation and dismissed its fifth counterclaim for breach of implied covenant of good faith and fair dealing, unanimously affirmed, with costs.

The parties' contract unambiguously provides that the amount of damages available for delay is limited to $1,000 per day *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). Moreover, if any conflict arises, the parties specifically agreed that the provisions of the Prime Contract shall prevail; and that contract contains a liquidated damage clause to address any delay damages, as allegedly occurred here.

The second counterclaim sounding in fraud fails as it merely is an improper attempt to recast the breach of contract claim in terms of fraud *(see, Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607, *appeal dismissed* 65 NY2d 637). Indeed, there is no assertion that plaintiff allegedly breached any obligation collateral to or separate and apart from the obligations it had agreed to perform pursuant to the contract *(supra).*

Finally, the fifth counterclaim is redundant since a breach of an implied covenant of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from a breach of the contract *(see, Fasolino Foods Co. v Banca Nazionale del Lavoro,* 961 F2d 1052, 1056). Concur—Murphy, P. J., Rosenberger, Wallach, Rubin and Ross, JJ.