■ WALTER B. SCOTT, Doing Business as SCOTTSEED, Appellant, v FRANK PALERMO, Respondent. [649 NYS2d 289] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, Walter B. Scott, doing business as Scottseed, a commercial seed producer, commenced this action seeking to recover the cost of onion seed he sold to defendant, an onion farmer. Defendant asserted a counterclaim seeking damages including lost profits for the alleged failure of the onion seed to produce a marketable crop. The contract between the parties contains an exclusive remedy provision, limiting the buyer's damages to repayment of the purchase price, as well as a provision limiting consequential and incidental damages. Plaintiff moved for partial summary judgment limiting the damages sought by the counterclaim to the purchase price of the seed. Supreme Court denied the motion. On appeal, plaintiff argues that, even if a question of fact exists concerning the enforceability of the exclusive remedy provision of the contract, judgment should be granted as a matter of law dismissing the counterclaim insofar as it seeks consequential and incidental damages. We agree.

An exclusive remedy provision will be enforced unless it fails of its essential purpose (*see,* UCC 2-719 [2]). Whether an exclusive or limited remedy provision fails of its essential purpose is a question of fact for the jury that is "necessarily to

be resolved upon proof of the circumstances occurring after the contract is formed" (*Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5, 11). It is well settled, however, that, where a contract contains both an exclusive remedy provision and a provision limiting consequential damages, the provision limiting consequential damages will be enforced so long as it is found not to be unconscionable, even where a question of fact exists concerning the enforceability of the exclusive remedy provision (*see, Belfont Sales Corp. v Gruen Indus.,* 112 AD2d 96, 99; *Cayuga Harvester v Allis-Chalmers Corp., supra,* at 15). Whether a provision is unconscionable presents a question of law for the court (*see, Industralease Automated & Scientific Equip. Corp. v R. M. E. Enters.,* 58 AD2d 482, 488). Where the significant facts germane to the unconscionability issue are essentially undisputed, the court may determine the issue without a hearing (*see, Cayuga Harvester v Allis-Chalmers Corp., supra,* at 21).

We conclude that the provision limiting consequential damages is not unconscionable. The provision in this commercial contract is clear and conspicuous. Defendant, a commercial onion farmer with many years of experience, was not placed in a position where he lacked a meaningful choice; he had several different suppliers from whom he purchased onion seeds. Plaintiff sold onion seeds to farmers all over the country. Different weather conditions can affect the end product, and the loss to a particular farmer from a bad crop can far exceed the purchase price of the seed. It is not unreasonable, therefore, in this commercial setting, to allocate that risk to the buyer (*see, Cayuga Harvester v Allis-Chalmers Corp., supra,* at 14). Thus, plaintiff's motion for partial summary judgment is granted in part by dismissing the counterclaim insofar as it seeks consequential and incidental damages (*see, Mom's Bagels v Sig Greenebaum Inc.,* 164 AD2d 820, 822, *appeal dismissed* 77 NY2d 902). (Appeal from Order of Supreme Court, Yates County, Falvey, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.