■ LAIDLAW TRANSPORTATION, INC., et al., Respondents, v HELENA CHEMICAL COMPANY, Appellant and Third-Party Plaintiff-Respondent. SUN REFINING AND MARKETING COMPANY et al., Third-Party Defendants-Appellants. [680 NYS2d 365] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs are engaged in the business of providing lawn and tree services to residential and commercial customers in the central New York area. In 1989, an isolated group of plaintiffs' customers sustained extensive damage to their trees and shrubs after plaintiffs sprayed them with Sunspray 6E, a "dormant oil" that kills pests by suffocating them during their dormant phase. The dormant oil was manufactured by third-party defendant Sun Refining and Marketing Company (Sun) and then sold in bulk to defendant, Helena Chemical Company (Helena), a distributor, which repackaged the oil in 55-gallon drums. The drums had been reconditioned by third-party defendant Kaplan Container Corp. (Kaplan). Helena sold the oil to plaintiffs. Upon delivery of the oil, plaintiffs' employees signed a Helena "delivery ticket" containing language limiting the seller's warranties and also limiting the seller's liability to the price of the goods that caused the alleged damages. When spraying the oil, which was supposed to be clear-colored, plaintiffs' employees noticed that some of the oil had a greenish tint that resembled the color of antifreeze or Irish green beer. After the oil was applied, it caused extensive damage to the trees and shrubs. The oil was subsequently tested by various experts. Plaintiffs' expert concluded that the damage was caused by either an insufficient amount of added emulsifier by the manufacturer or a contaminant in the oil.

Plaintiffs commenced this action against Helena alleging causes of action for negligence, breach of contract, breach of express and implied warranties, and strict products liability. Helena brought a third-party action against Sun and Kaplan.

Following pretrial discovery, Helena moved for summary judgment dismissing the complaint, claiming that the limitation of liability and remedies provision on the delivery ticket limited its liability to the price of the product. Sun and Kaplan each cross-moved for summary judgment dismissing the third-

party complaint against them. In support of their cross motions, they each submitted an expert's affidavit stating that the oil was not contaminated as a result of their actions.

Supreme Court properly denied the cross motions of Sun and Kaplan, but should have granted in part the motion of Helena. With respect to the cross motions, the conflicting experts' opinions raised triable issues of fact (*see, Scahall v Unigard Ins. Co.,* 222 AD2d 1070, 1071).

With respect to Helena's motion, Helena contends that it is entitled to summary judgment because plaintiffs are bound by the limitation of liability and remedies provision on the delivery ticket. The parties agree that such clauses are standard in the industry.

Section 2-207 of the Uniform Commercial Code governs whether such additional terms on the delivery ticket become part of the contract between the parties. That section makes a distinction between a clause disclaiming warranties, which would normally "materially alter" the contract, and a clause limiting a party's remedy in a reasonable manner, which may be considered part of the parties' agreement (*see,* UCC 2-207, Comments 4, 5). "[A] disclaimer or exclusion of warranties delivered to the buyer after consummation of the sale is not effective unless the parties have entered into a separate agreement pursuant to Uniform Commercial Code § 2-209" (*White & Son v Gosier,* 219 AD2d 866, 867). We conclude that the disclaimer of warranties clause in this case is not binding on plaintiffs.

With respect to the exclusive remedies clause and the clause limiting consequential damages to the purchase price of the product, such clauses are enforceable unless they fail of their essential purpose (*see,* UCC 2-719 [2]). Whether an exclusive or limited remedy provision fails of its essential purpose is an issue of fact for the jury (*see, Scott v Palermo,* 233 AD2d 869). It is well settled, however, that, where, as here, a contract contains both an exclusive remedy provision and a provision limiting consequential damages, the provision limiting consequential damages will be enforced provided that it is not unconscionable, even where an issue of fact exists concerning the enforceability of the exclusive remedy provision (*see, Scott v Palermo, supra,* at 870; *Belfont Sales Corp. v Gruen Indus.,* 112 AD2d 96, 99; *Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5, 15). Whether a provision is unconscionable presents an issue of law for the court (*see, Scott v Palermo, supra,* at 870). In cases involving transactions of a commercial nature, it is generally not unconscionable to allocate the risk to the buyer

(*see, Cayuga Harvester v Allis-Chalmers Corp., supra,* at 14-15). Thus, we conclude that Helena's motion for summary judgment should have been granted insofar as plaintiffs seek to recover consequential and incidental damages (*see, Mom's Bagels v Sig Greenebaum Inc.,* 164 AD2d 820, 822, *appeal dismissed* 77 NY2d 902) with respect to all causes of action with the exception of plaintiffs' claims for breach of warranty. We therefore modify the order accordingly. (Appeals from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.