PACS INDUSTRIES, INC., Plaintiffs,

v.

CUTLER–HAMMER, INC., Defendants.

No. 98–CV–5854.

United States District Court,
E.D. New York.

May 8, 2000.

Sandor C. Schweiger, P.C., Great Neck, NY, for plaintiff.

Esanu, Katsky, Korins & Siger, LLP, New York City, by Jeffrey M. Siger, of counsel, for defendants.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This case concerns allegations of fraud and breach of contract by Plaintiff, Pacs Industries, Inc. ("Pacs"), against Defendants Cutler–Hammer, Inc. ("Cutler"). Presently before the Court is Cutler's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

### BACKGROUND

The facts of this case can be briefly stated. In December 1994, Pacs was awarded a contract for the installation of a power plant in the Philippines. In March 1995, Pacs purchased a "busway," one of the components necessary for the project, from Cutler for $22,050. Cutler advertised the particular busway in its catalog as being for "outdoor" use, and that it was waterproof.

Pacs took deliver of the busway and installed it in the Philippines. In July 1996, the busway failed, allegedly due to water seeping in through its seams. Pacs contends that the busway was defective, and that it spent more than $124,000 in efforts to remedy the defect. In addition, the contractor on the power plant project withheld payment to Pacs because of the failure, resulting in an additional $115,000 in damages to Pacs.

Pacs commenced this action against Cutler, alleging a claim for breach of contract, and a second claim for fraud. The fraud claim is premised on Cutler making misleading statements about the suitability of the busway for outdoor use, and its knowledge that Pacs intended to use the busways in an outdoor environment. Pacs also seeks punitive damages based on these misrepresentations.

Cutler now moves for judgment on the pleadings, dismissing the fraud cause of action on the grounds that it merely restates the breach of contract claim. In addition, Cutler seeks to dismiss the punitive damages claim and any claim for damages in excess of the purchase price on the grounds that the sale contract contained a clause limiting Cutler's liability to that amount.

### DISCUSSION

As in a motion under Rule 12(b), a court ruling on a motion under Rule 12(c) is to look only to the allegations of the complaint and any documents attached to or incorporated by reference in the complaint, *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir.1996); to assume all well-pleaded factual allegations to be true; and to view all reasonable inferences that can be drawn from such allegations and documents in the light most favorable to the plaintiff. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999); *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130 (2d Cir.1999). The issue to be considered by the Court is not whether a plaintiff will ultimately prevail, but merely whether the claimant is entitled to offer evidence to support the claims. *Id.*, citing *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

In addition to demonstrating the basic elements of fraud—misrepresentation of a material fact, scienter, justifiable reliance on those misrepresentations, and injury, *Busino v. Meachem*, —— A.D.2d ——, 704 N.Y.S.2d 690 (3d Dept.2000);

*Dero v. Gardner*, 267 A.D.2d 830, 700 N.Y.S.2d 507 (3d Dept.1999)—a plaintiff alleging a cause of action for fraud arising out of a contractual dispute must also allege either: "(1) a legal duty separate and apart from the contractual duty to perform; (2) a fraudulent representation collateral or extraneous to the contract; or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages." *Bell Sports, Inc. v. System Software Assocs. Inc.*, 45 F.Supp.2d 220, 227 (E.D.N.Y.1999) *citing Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 20 (2d Cir.1996). In *Bell Sports*, this Court recognized New York State law which provides that

> a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.[ ] Merely charging a breach of a "duty of care," employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim.

*Id.*, *quoting Clark–Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656–57, 516 N.E.2d 190 (1987).

■ Even reading the complaint in the light most favorable to Pacs, the Court cannot discern any legal duty to Pacs that Cutler may have violated that is independent of their contractual relationship. Pacs alleges that Cutler made false statements about its product in advertising materials that Pacs relied upon in deciding to purchase the busway. However, even if the Court assumes, without so holding, that these advertisements could create a legal duty, Pacs still must demonstrate a *violation* of that duty that does not turn on the breach of the contract. *Id.* An essential elements of a cause of action for fraud is that a plaintiff relied upon misrepresentations made by the defendant. *See Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57, 698 N.Y.S.2d 615, 621, 720 N.E.2d 892 (1999) ("an act of deception, entirely independent or separate from any injury, is not sufficient to state a cause of action under a theory of [fraud] . . ."). Here, the only reliance on the advertisements that Pacs can point to is its purchase of the busway, which is part and parcel of the breach of contract claim. *Tannehill v. Paul Stuart, Inc.*, 226 A.D.2d 117, 118, 640 N.Y.S.2d 505, 506 (1st Dept.1996) ("the wrongful act alleged in support of the fraud claim does not differ from the purely contract-related allegation that defendant did not intend to perform at the time it entered into the agreement, and therefore fails to state a cause of action"); *Canstar v. J.A. Jones Const. Co.*, 212 A.D.2d 452, 453, 622 N.Y.S.2d 730, 731 (1st Dept.1995) ("there is no assertion that plaintiff allegedly breached any obligation collateral to or separate and apart from the obligations it had agreed to perform pursuant to the contract").

The two cases cited by Pacs in support of its fraud claim do not compel a different conclusion. In both *Channel Master Corp. v. Aluminium Ltd. Sales*, 4 N.Y.2d 403, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958) and *Sabo v. Delman*, 3 N.Y.2d 155, 164 N.Y.S.2d 714, 143 N.E.2d 906 (1957), the Court of Appeals specifically noted that the plaintiffs' claims of fraud were not accompanied by allegations of breach of contract. *See Sabo*, 3 N.Y.2d at 159, 164 N.Y.S.2d at 716, 143 N.E.2d 906 ("it is well to bear in mind that the complaint before us neither asserts a breach of contract nor attempts to enforce any promise made by defendants"); *Channel Master*, 4 N.Y.2d at 408, 176 N.Y.S.2d at 263, 151 N.E.2d 833 ("The present action is in tort, not contract, depending not upon agreement between the parties, but rather upon deliberate misrepresentation of fact, relied on by the plaintiff to his detriment"). Thus, neither *Sabo* nor *Channel Master* support

the argument by Pacs that a party can maintain a cause of action for fraud where the same transaction is alleged to also constitute breach of a contract.

Accordingly, Cutler's motion for judgment on the pleadings dismissing the fraud cause of action is granted.

Cutler also moves to dismiss that portion of Pacs' breach of contract action that seeks damages in excess of the purchase price of the busway, and any claim for punitive damages. Cutler's argument is based on the limitation of liability agreement contained in the contract of sale. Pacs does not dispute that the limitation of liability provision exists, but argues that the provision is unconscionable.

Whether a provision is unconscionable presents an issue of law for the court. *Laidlaw Transportation Inc. v. Helena Chemical Co.*, 255 A.D.2d 869, 871, 680 N.Y.S.2d 365, 367 (4th Dept.1998). Among the factors that courts consider in determining whether a provision is unconscionable is whether the provision is clear and conspicuous, whether the party agreeing to the term was experienced in the field, whether the party had a meaningful choice in accepting or rejecting the term, and whether it would be unreasonable to enforce the term as it exists. *See e.g. Suffolk Laundry Services v. Redux Corp.*, 238 A.D.2d 577, 579, 656 N.Y.S.2d 372, 374 (2d Dept.1997); *Scott v. Palermo*, 233 A.D.2d 869, 872, 649 N.Y.S.2d 289, 291 (4th Dept.1996). However, where businessmen contract in a commercial setting, a presumption of conscionability arises. 164 Misc.2d 656, 659, 625 N.Y.S.2d 798, 800 (Sup.Ct. Albany Cty.1995).

Here, the presumption of conscionability exists, as both Pacs and Cutler were corporate entities negotiating, by all appearances, in an arm's-length commercial sale. While Pacs superficially alleges that the limitation of damages provision was unconscionable, it offers no facts or allegations to support that assertion. Nevertheless, it appears from the face of the complaint that Pacs had some "meaningful choice" in deciding whether to purchase from Cutler, since the complaint alleges that the failure of Cutler's busway caused the power plant contractor to replace it with a busway made by a different manufacturer. Moreover, the Court sees nothing inherently unreasonable about allocating the general risk of consequential damages to the buyer in this situation. The cost of the busway was relatively small, and the potential consequential damages resulting from the failure of such an item in a complex facility such as a power plant would likely expose Cutler to liability far in excess of its potential profit on the device. In addition, the complaint indicates that Cutler merely manufactured the device, and that Pacs took responsibility for installing it, raising the potential that the busway might become damaged during installation. Under these circumstances, the Court sees nothing inherently unreasonable about Cutler's requirement that the purchasers assume the risk of consequential loss.

Therefore, the Court finds that, as a matter of law, the limitation of liability provision in the sales contract is not unconscionable, and Cutler's motion to dismiss any claim for damages on the first cause of action in excess of the purchase price of $22,050 is granted.

Finally, as to Cutler's motion to dismiss the claim for punitive damages, the general rule in New York State is that punitive damages are not recoverable for an ordinary breach of contract. *Rocanova v. Equitable Life Assurance Society*, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342, 634 N.E.2d 940 (1994). Because this Court has dismissed Pacs' fraud claim, the exception stated in *Rocanova* to the general rule for contract claims that also involve independent torts, *id.*, does not apply. Moreover, even if a claim for punitive damages could be maintained on Pacs' contract claim, the bare allegations that Cutler misrepresented the capabilities of its busway in its promotional materials does not rise

to the level of "gross," "morally reprehensible," or "of such wanton dishonesty as to imply a criminal indifference to civil obligations" as a matter of law. *New York University v. Continental Ins. Co.,* 87 N.Y.2d 308, 315–16, 639 N.Y.S.2d 283, 287, 662 N.E.2d 763 (1995). Accordingly, Cutler's motion to dismiss the claim for punitive damages is granted.

## CONCLUSION

For the foregoing reasons, Cutler's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) on Pacs' cause of action sounding in fraud is GRANTED, Cutler's motion for judgment dismissing Pacs' cause of action for breach of contract to the extent that it seeks damages in excess of $22,050 is GRANTED, and Cutler's motion to dismiss Pacs' claim for punitive damages is GRANTED.

**SO ORDERED**