DS CAPITAL, INC., Plaintiff,

v.

CARLISLE SPORTS EMPORIUM, INC., Defendant.

No. 00–CV–424.

United States District Court, E.D. New York.

Sept. 25, 2000.

Richard A Kraslow, Melville, NY, for plaintiff.

Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, Philadelphia, PA, by Ira A. Rosenau, of counsel, for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this diversity action, the Plaintiff, DS Capital, Inc. ("DS") alleges causes of action for breach of contract and fraud against the Defendant, Carlisle Sports Emporium, Inc. ("Carlisle"), resulting from a failed agreement between them involving a $ 5.2 million financing deal. Presently before the Court are motions by Carlisle to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and to transfer the case to the Southern District of New York.

According to the complaint, DS is a New York corporation with its principal place of business in Suffolk County, New York. In October 1999, DS entered into agreement with Carlisle, a Pennsylvania corporation, to provide financing to Carlisle in the amount of $ 5.2 million. Among the provisions of the agreement is the following:

Upon your acceptance of this proposal, kindly execute where noted below and remit to DS Capital a due diligence fee in the amount of $ 37,800.00, and at the closing of this transaction, borrower agrees to pay to DS Capital a total

structuring fee from proceeds in the amount of $ 100,000.00. Further, borrower expressly agrees that this structuring fee ... is considered earned at such time as DS Capital has provided a final offer to close and client has accepted such offer in their sole and absolute discretion ... In the event that this transaction is not consummated due to the borrowers' willful act, neglect, or other contractual breach the due diligence fee is considered earned by DS Capital.

DS alleges that Carlisle breached the agreement by "misstating its financial condition, regulatory standing and general business status," and "failed and/or refused to comply with Plaintiff's request for documentation and has otherwise failed and/or refused to provide to Plaintiff, DS Capital, Inc., truthful and accurate documentation and/or information reasonable and necessary to structure a credit facility in favor of the Defendant." However, there is no allegation in the complaint that DS ever "provided an offer to close" or that Carlisle ever accepted any such offer.

DS commenced this action in New York State Supreme Court, Suffolk County, on or about December 15, 1999, alleging: (i) a claim for breach of contract based on Carlisle's alleged misrepresentation of its financial condition; (ii) a second cause of action for breach of contract based on Carlisle's alleged failure to provide necessary documentation; and (iii) a claim for fraud based on the fact that Carlisle "represented to the Plaintiff, DS Capital, Inc., that Defendant would not misstate to Plaintiff its financial condition, regulatory standing, general business status and would otherwise cooperate with the Plaintiff." On all three causes of action, DS seeks damages only for the loss of the structuring fee in the sum of $ 112,800.

Carlisle now moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on the grounds that the contract did not require payment of the restructuring fee unless and until a "final offer to close" was provided by DS

and accepted by Carlisle. In addition, Carlisle alleges that venue does not lie in the Eastern District of New York under the provisions of 28 U.S.C. § .1391, as it is neither a district in which Carlisle resides, nor where a substantial part of the events or omissions giving rise to the claim occurred.

In support of its motion, Carlisle attaches an amended copy of the Agreement, in which the parties purportedly agree to lower the due diligence fee to $ 25,000; to raise the structuring fee to $ 112,800; and to require the return of the due diligence fee to Carlisle under certain circumstances. In response, DS does not argue that the amended agreement should not be considered by the Court, and indeed, DS claims damages in its complaint of $ 112,-800, the exact amount of the restructuring fee in the amended agreement.

### DISCUSSION

A district court may grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Tarshis v. Riese Organization,* 211 F.3d 30 (2d Cir.2000). The court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to plaintiff. *McGinty v. State of New York,* 193 F.3d 64, 68 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *Tarshis,* 211 F.3d at 39; *Leonard F. v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d Cir.1999).

■ Here, the agreement between DS and Carlisle is clear and unambiguous.

The "structuring fee" is to be considered earned by DS only upon DS providing a final offer on the financing package and upon Carlisle accepting that offer. There is no allegation in the complaint that DS ever tendered such an offer or that Carlisle ever accepted one, and thus, the complaint fails to state a cause of action for breach of contract entitling DS to damages in the amount of the structuring fee.

In its brief, DS confuses the situation by using the terms "due diligence fee" and "structuring fee" interchangeably. For example, in the same paragraph, separated by only one sentence, DS states that "The Agreement dated October 22, 1999 provides that the *structuring fee* will be deemed earned ... in the event that this transaction is not consummated as a result of Borrower's willful act, neglect, or other contractual breach," and then that "the Agreement dated October 22, 1999[ ] provided that the *due diligence fee* will be considered earned by the Plaintiff ... in the event that this transaction is not consummated as a result of Borrower's willful act, neglect, or other contractual breach." (Emphasis added). However, the terms of the agreement are clear, and DS is entitled to consider only the "due diligence fee" to be earned upon a willful breach by Carlisle. Even assuming that DS is able to demonstrate such a breach, the due diligence fee of either $ 37,800 stated in the original contract or $ 25,000 in the amended contract is well below the $75,000 amount-in-controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

 Moreover, it is a settled principle of New York State law that, in order to allege a claim of fraud arising out of a contractual relationship, a plaintiff must not only allege the basic elements of fraud—misrepresentation of a material fact, scienter, justifiable reliance on those misrepresentations, and injury—but also either "(1) a legal duty separate and apart from the contractual duty to perform; (2) a fraudulent representation collateral or extraneous to the contract; or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,* 98 F.3d 13, 20 (2d Cir.1996); *Pacs Industries v. Cutler-Hammer, Inc.,* 103 F.Supp.2d 570, 571–72 (E.D.N.Y.2000); *Bell Sports, Inc. v. System Software Assocs. Inc.,* 45 F.Supp.2d 220, 227 (E.D.N.Y.1999). Nothing in the complaint alleges that Carlisle had any duty separate and apart from the contract to disclose its financial condition and "general business status" to DS, nor has DS alleged the existence of any special damages that would not be recoverable under a contract theory. Therefore, the fraud cause of action must be dismissed.

Accordingly, DS fails to state a claim for fraud, and to the extent that it states a claim for breach of contract—a finding that this Court does not necessarily make—the Court lacks subject matter jurisdiction over the claim due to the insufficient amount in controversy. Therefore, Carlisle's motion to dismiss the complaint in its entirety is GRANTED. Carlisle's motion to transfer the case is DENIED AS MOOT. The complaint is dismissed without prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**