**Martin TREPEL, Plaintiff,**

v.

**Ibrahim ABDOULAYE, Defendant.**

**No. 02 CIV 293(VM).**

United States District Court,
S.D. New York.

Jan. 30, 2002.

Aidan M. McCormack, Hodgson Russ, L.L.P., New York, City, for Martin Trepel.

## ORDER

MARRERO, District Judge.

Plaintiff Martin Trepel ("Trepel"), a resident of Florida, filed this action against defendant Ibrahim Abdoulaye ("Abdoulaye"), a French citizen, invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332. In his complaint, Trepel seeks damages for breach of contract, uttering a false check, fraud, and deceptive acts and practices under New York law.

Trepel's claims arise out of a series of transactions concerning the sale of African art. Trepel alleges that he and Abdoulaye entered into an agreement whereby Abdoulaye would reimburse Trepel for all

scientific testing done on antique African art if Abdoulaye subsequently purchased one of the tested items. Pursuant to their agreement, Trepel had several items tested, and, Abdoulaye purchased some of the tested items. Trepel alleges that Abdoulaye has not paid the full balance of scientific testing charges, which totals $29,353.00, as he agreed to do. In addition, Trepel alleges that Abdoulaye, as partial payment for the scientific testing, uttered a false check in the amount of $7,500. In this action, Trepel seeks a total of $101,353 in damages, which is comprised of claims for $29,353 in compensatory damages on his breach of contract cause of action, "not less than $50,000" in exemplary damages for "aggravation and emotional anguish" and punitive damages on his fraud cause of action, $7,500 plus costs in compensatory damages on his uttering a false check cause of action, and, $15,000 in actual and punitive damages and attorney's fees on his deceptive acts and practices cause of action.

■ Because federal courts are courts of limited jurisdiction, courts must police subject matter delineations on their own initiative. *See* Fed.R.Civ.P. 12(h); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing Fed.R.Civ.P. 12(h)); *Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir.2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*") *Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC*, 75 F.Supp.2d 279, 280–81 (S.D.N.Y. 1999) (*sua sponte* dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 1332). Diversity jurisdiction is appropriate where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332. Trepel sufficiently alleges diversity of citizenship under 28 U.S.C. § 1332. However, it appears that Trepel's claims fail to meet the amount in controversy threshold.

■ A plaintiff may not rely upon a claim for damages that may not be legally awarded under state law in order to meet the threshold amount in controversy requirement under 28 U.S.C. § 1332. *See Schwartz v. Victory Container Corp.*, 294 F.Supp. 866, 867 (S.D.N.Y.1969).

■ Trepel has stated a claim for breach of contract and damages in the amount of $29,353. Under New York law, a fraud claim is precluded where it relates to a breach of contract. *See R.H. Damon & Co., Inc. v. Softkey Software Products, Inc.*, 811 F.Supp. 986, 992 (S.D.N.Y.1993) (citing *Tesoro Petroleum Corporation v. Holborn Oil Company Ltd.*, 108 A.D.2d 607, 484 N.Y.S.2d 834, 835 (App. Div. 1st Dep't 1985)). Therefore:

> [I]t is a settled principle of New York [s]tate law that, in order to allege a claim of fraud arising out of a contractual relationship, a plaintiff must not only allege the basic elements of fraud … but also either (1) a legal duty separate and apart from the contractual duty to perform; (2) a fraudulent representation collateral or extraneous to the contract; or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages.

*DS Capital v. Carlisle Sports Emporium*, 116 F.Supp.2d 376, 378 (E.D.N.Y.2000) (internal quotations and citations omitted).

■ Trepel's fraud claim arises out of Abdoulaye's contractual obligation to pay for scientific testing costs. Trepel did not allege the additional element necessary under New York law to bring the fraud claim

outside of the breach of contract duties or context. As such, under New York law, Trepel has not properly alleged fraud.

Further, under New York law, emotional distress is "not redressable under a business fraud theory of liability." *Citicorp Int'l Trading v. Western Oil & Refining Co.,* 790 F.Supp. 428, 436 (S.D.N.Y. 1992) (dismissing claim for emotional distress damages stemming from fraudulent misrepresentation in business transaction) (citations omitted). Here, the exemplary damages are sought on the basis of Abdoulaye's conduct as a buyer in a commercial transaction. On that basis, a court applying New York law could not award Trepel exemplary damages.

Likewise, under New York law, punitive damages are not available in the ordinary fraud and deceit case; a plaintiff must plead that defendant's conduct was morally culpable. *See Lovely Peoples Fashion, Inc. v. Magna Fabrics,* No. 95 Civ. 8450, 1998 WL 422482, *8–*9 (S.D.N.Y. July 22, 1998) (citations omitted). Failure to pay the scientific testing charges pursuant to an alleged contract, by itself, is not so " 'eggregious' nor 'gross and morally reprehensible,' as these terms are generally understood in the context of punitive damage awards." *Id.* at *9.

Without a proper claim for fraud, the total amount in controversy, therefore, is reduced by $50,000. Thus, the Court's initial review of the complaint reveals that Trepel's claims fail to satisfy the amount in controversy requirement under 28 U.S.C. § 1332, and, that the Court lacks subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** that the complaint be dismissed with leave to amend; and it is further

**ORDERED** that the case be dismissed with prejudice should Martin Trepel fail to amend the complaint by March 1, 2002; and it is finally

**ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**