■ ROGER'S FENCE, INC., Appellant, v ABELE TRACTOR AND EQUIPMENT COMPANY, INC., et al., Respondents. [809 NYS2d 712]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered November 23, 2004. The order, among other things, granted defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action for breach of contract and breach of express and implied warranties arising from its purchase of a wheel loader manufactured by defendant Hyundai Construction Equipment, U.S.A., Inc. (Hyundai) and sold by defendant Abele Tractor and Equipment Company, Inc. (Abele). Supreme Court properly granted the respective motions of defendants for summary judgment dismissing the complaint against them. We note at the outset that, although Hyundai initially moved to dismiss the complaint pursuant to CPLR 3211, and Abele moved "pursuant to CPLR 3211 (a) (1) and (a) (7) and/or CPLR 3212," the court, upon the consent of plaintiff, thereafter converted their respective motions to ones for summary judgment dismissing the complaint (*see* CPLR 3211 [c]). Thus, we reject plaintiff's contention on appeal that the court erred in dismissing the complaint against Abele pursuant to CPLR 3211.

We conclude that Hyundai and Abele met their initial burdens on their respective motions by establishing that the agreement between plaintiff and Abele disclaimed any implied warranties

on the wheel loader and limited any damages to repair or replacement of any defective parts for a period of two years or 3,000 hours of operation, whichever came first, and that the wheel loader was operating properly at the 3,000 hour point. Plaintiff failed in opposition to raise a triable issue of fact whether the repairs had not been properly made within the warranty period. Although the issue whether a warranty has failed of its essential purpose generally is for the trier of fact (*see generally Laidlaw Transp. v Helena Chem. Co.*, 255 AD2d 869 [1998]; *Scott v Palermo*, 233 AD2d 869 [1996]), we conclude herein that plaintiff failed to present evidence raising an issue of fact whether any subsequent breakdowns were related to prior allegedly inadequate repairs made during the time in which the wheel loader was under warranty (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We also reject plaintiff's contention that the disclaimers were invalid because they were on the reverse side of the form sent to plaintiff's vice-president by facsimile, and the reverse side was not sent by facsimile. The record establishes that plaintiff's vice-president signed an agreement that stated in capital letters directly above the signature line that the conditions of sale and the warranty terms were on the reverse side of the agreement. That page also contained a provision stating that the agreement included an extended warranty. The record further establishes that plaintiff's vice-president signed a delivery report indicating that he had reviewed and understood the warranty coverage applicable to the wheel loader. Thus, the terms on the reverse side of the agreement were called to the attention of plaintiff's vice-president, and plaintiff is bound by them (*see Morris v Snappy Car Rental*, 189 AD2d 115, 120 [1993], *affd* 84 NY2d 21 [1994]; *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11-12 [1988]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.