■ ELLEN KOURTIDES et al., Respondents, v WEATHER SHIELD MFG., INC., et al., Appellants, et al., Defendants. [17 NYS3d 181]—

In an action, inter alia, to recover damages, in effect, for breach of warranty, the defendants Weather Shield Mfg., Inc., and Window City of South Hampton, Inc., appeal from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated July 12, 2013, as denied that branch of their motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion of the defendants Weather Shield Mfg., Inc., and Window City of South Hampton, Inc., which was for summary judgment dismissing the first cause of action is granted.

This action arises from the installation of doors at the plaintiffs' home in Southampton. In November 2002, the plaintiffs ordered several doors made by the defendant Weather Shield Mfg., Inc. (hereinafter Weather Shield), and distributed by the defendant Window City of South Hampton, Inc. (hereinafter together the appellants). Weather Shield provided a one-year warranty on the doors, which was limited to the repair or replacement of defective parts. The doors were installed in March or April of 2003, and shortly thereafter numerous problems arose. Representatives of the appellants serviced the doors on several occasions, but the doors eventually rotted.

The plaintiffs commenced this action against, among others, the appellants. The first cause of action alleged, in effect, a breach of warranty by the appellants. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, denied that branch of the appellants' motion which was to dismiss the first cause of action, concluding that there was a triable issue of fact as to whether certain "circumstances" caused the limited warranty provided by Weather Shield to "fail of its essential purpose" within the meaning of UCC 2-719 (2).

Pursuant to UCC 2-719 (2), a limited remedy provision is enforceable unless it "fails of its essential purpose," that is, if it operates to deprive a party of the substantial value of the bargain (*see* UCC 2-719, Comment 1). The issue of whether a limited remedy has failed of its essential purpose is ordinarily "a question of fact for the jury and one necessarily to be resolved upon proof of the circumstances occurring after the contract is formed" (*Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 10-11 [1983]; *see Scott v Palermo*, 233 AD2d 869 [1996]). However, in this case, in response to the appellants' establishment of their prima facie entitlement to judgment as a matter of law, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the eventual failure of the subject doors was due to a defect in the manufacturing of the doors or any act or omission of the appellants in performing repairs while the doors were under warranty (*see Roger's Fence, Inc. v Abele Tractor & Equip. Co., Inc.*, 26 AD3d 788 [2006]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the first cause of action. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.