Virtual Polymer Compounds, LLC v Aurora Ridge Dairy, LLC (2024 NY Slip Op 06442)

Virtual Polymer Compounds, LLC v Aurora Ridge Dairy, LLC

2024 NY Slip Op 06442

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

707 CA 23-00898

[*1]VIRTUAL POLYMER COMPOUNDS, LLC, PLAINTIFF-APPELLANT,
v
AURORA RIDGE DAIRY, LLC, DEFENDANT-RESPONDENT. 

TIVERON LAW, PLLC, AMHERST (EDWARD P. YANKELUNAS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BOUSQUET HOLSTEIN PLLC, SYRACUSE (JAMES L. SONNEBORN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 17, 2023. The order and judgment, inter alia, denied the motion of plaintiff for partial summary judgment and granted the motion of defendant for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by vacating the third decretal paragraph, granting plaintiff's motion, denying defendant's motion except insofar as it sought summary judgment on the issue of plaintiff's liability on the counterclaim for breach of contract based on plaintiff's failure to properly repair the fiberglass, and reinstating the complaint, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff and defendant entered into a contract pursuant to which plaintiff agreed to perform certain work on defendant's scrubbing system, which was part of a larger system designed to generate electricity from manure that had been converted into methane gas. After plaintiff performed its work, defendant determined that the system was no longer airtight, as required for operation. Despite several attempts to correct the condition, plaintiff was unable to render the system airtight, forcing defendant to hire a different company to perform the repairs at a greater cost. Although defendant had fully paid plaintiff the amount quoted for the contracted work, plaintiff commenced this action seeking payment for additional, unquoted costs associated with the contracted work as well as for additional work it performed that allegedly exceeded the scope of the originally contracted work. Defendant counterclaimed for breach of contract, seeking recovery of consequential damages that included additional costs it incurred as a result of plaintiff's failure to repair the system to an airtight condition.
Following discovery, plaintiff moved for partial summary judgment dismissing defendant's counterclaim insofar as it sought damages in excess of those provided for in the parties' contract. Defendant opposed the motion and moved for summary judgment on the counterclaim, partial summary judgment on the issue of plaintiff's liability on the counterclaim, or a declaration regarding damages available on the counterclaim.
Supreme Court denied plaintiff's motion and granted defendant's motion, resulting in dismissal of the complaint, determining that plaintiff was liable on the counterclaim and granting defendant's "application for a declaration that it is entitled" to damages beyond the limited damages specified in the contract on the ground that plaintiff repudiated the contract's warranty by failing to repair certain defective work and by seeking additional payment for certain repairs. On this appeal by plaintiff, we now modify the order and judgment.
Plaintiff contends that various questions of fact precluded summary judgment in favor of defendant. In order to establish liability for breach of contract, a party is required to show "the existence of a contract, the [party's] performance under the contract, [and] the [other party's] breach of that contract" (Resetarits Constr. Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1455 [4th Dept 2014] [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]). In this case, neither party disputes the existence of the contract and plaintiff's attempted performance under that contract. We note, however, that the contract does not clearly define the scope of the work to be performed by plaintiff.
It is clear from the evidence submitted by the parties in support of and in opposition to the motions that plaintiff was to perform fiberglass repair work on defendant's scrubbing system and that plaintiff's fiberglass repair was defective. Although plaintiff returned to defendant's property and attempted to remedy the defects in the fiberglass, those defects were never satisfactorily resolved. Inasmuch as plaintiff failed to raise a triable issue of fact with respect to the adequacy of plaintiff's fiberglass repair work, we conclude, contrary to plaintiff's contention, that the court did not err in granting defendant's motion insofar as it sought partial summary judgment on the issue of plaintiff's liability on that part of the counterclaim with respect to the defective fiberglass repair work.
We agree with plaintiff, however, that defendant failed to establish the scope of any other work to be performed under the parties' vague and generic contract and thus failed to establish its entitlement to judgment as a matter of law on those parts of its counterclaim asserting breach of contract related to work other than the defective fiberglass repair. In particular, nothing in the written contract required the system to be airtight, although the parties offered conflicting testimony about oral discussions on that requirement. We therefore modify the order and judgment by denying that part of defendant's motion seeking partial summary judgment on the issue of plaintiff's liability on the counterclaim except insofar as it relates to the defective fiberglass repair work.
We further conclude that defendant failed to establish its entitlement to summary judgment dismissing the complaint. In light of defendant's failure to establish the scope of the original contract, defendant failed to meet its initial burden on the motion of establishing that plaintiff did not incur expenses or perform work that was not already encompassed by the contract (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore further modify the order and judgment accordingly.
Plaintiff next contends that the court erred in denying its motion and in granting defendant's motion insofar as it sought a declaration that defendant could recover damages beyond those specified in the contract. In particular, plaintiff contends that the "exclusive remedy provision (contained in the 'Warranty Policy') and the . . . provision prohibiting consequential damages (contained in the 'Limitations of Remedies')" are "two separate and distinct contractual provisions" that should be treated differently under our holding in Cayuga Harvester v Allis-Chalmers Corp. (95 AD2d 5, 16 [4th Dept 1983]) and that the court thus erred in concluding that defendant could recover damages beyond the remedies outlined in those two provisions.
We agree with plaintiff that the two provisions are separate and distinct and should be treated individually (see id.; see also Laidlaw Transp. v Helena Chem. Co., 255 AD2d 869, 870 [4th Dept 1998]; see generally Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805 n 4 [2014]). Where, as here, the exclusive remedy provision and the limitation of remedies provision are separate and distinct, they are tested under different standards. A limited warranty remedy, such as the exclusive remedy provision in the contract, survives "unless it fails of its essential purpose," whereas a limitation of remedies provision, such as the provision in the contract prohibiting consequential damages, "is valid unless it is unconscionable" (Cayuga Harvester, 95 AD2d at 16 [internal quotation marks omitted]). They are "two discrete ways of attempting to limit recovery for breach of warranty" (id. [internal quotation marks omitted]).
Neither party established, as a matter of law, its entitlement to summary judgment with respect to the exclusive remedy provision. There are triable issues of fact whether that provision [*2]failed of its essential purpose. Such a provision fails of its essential purpose where "it operates to deprive a party of the substantial value of the bargain" (Kourtides v Weather Shield Mfg., Inc., 132 AD3d 636, 637 [2d Dept 2015]). Generally, "[w]hether an exclusive or limited remedy provision fails of its essential purpose . . . is a question of fact for the jury that is 'necessarily to be resolved upon proof of the circumstances occurring after the contract is formed' " (Scott v Palermo, 233 AD2d 869, 869-870 [4th Dept 1996]; see Cayuga Harvester, 95 AD2d at 11; see also Laidlaw Transp., 255 AD2d at 870). We thus agree with plaintiff and conclude that defendant was not entitled to summary judgment limiting the exclusive remedy provision.
Despite our conclusion that there are triable issues of fact whether the exclusive remedy provision fails of its essential purpose, we agree with plaintiff that it was entitled to summary judgment with respect to the enforceability of the limitation of remedies provision, and we therefore further modify the order and judgment accordingly. Where, as here, a contract contains both an exclusive remedy provision and a limitation of remedies provision, "the provision limiting consequential damages will be enforced provided that it is not unconscionable, even where an issue of fact exists concerning the enforceability of the exclusive remedy provision" (Laidlaw Transp., 255 AD2d at 870; see Scott, 233 AD2d at 870; Cayuga Harvester, 95 AD2d at 15; see generally Biotronik A.G., 22 NY3d at 805 n 4). The determination whether such a provision is unconscionable is a question of law for the court (see Laidlaw Transp., 255 AD2d at 870) and generally requires "a showing that the contract was both procedurally and substantively unconscionable when made—i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (Divito v Fiandach, 200 AD3d 1564, 1565 [4th Dept 2021]; see Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1169-1170 [2d Dept 2012]).
Substantively, plaintiff established that the clause is not unconscionable inasmuch as it simply limited defendant's damages to repair, replacement, or the purchase price (see Laidlaw Transp., 255 AD2d at 870; Scott, 233 AD2d at 870; cf. Soja v Keystone Trozze, LLC, 106 AD3d 1168, 1169 [3d Dept 2013]). Procedurally, plaintiff established that the sales order and its terms were not unconscionable. Defendant, an experienced commercial farm, "was not placed in a position where [it] lacked a meaningful choice" (Scott, 233 AD2d at 870). Defendant was unquestionably a savvy commercial entity inasmuch as it generated the redesign of the scrubbing system and negotiated the work to be performed by plaintiff. Plaintiff thus established, as a matter of law, that the provision precluding consequential damages was not unconscionable, and defendant failed to raise a triable issue of fact in opposition to plaintiff's motion.
We further agree with plaintiff that it established as a matter of law that it did not repudiate the exclusive remedy provision or the limitation of remedies provision of the contract and that defendant failed to raise a triable issue of fact in opposition to plaintiff's motion. A party's repudiation of a contract must be "positive and unequivocal" (Princess Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [2017] [internal quotation marks omitted]). In support of its motion, plaintiff submitted evidence that it would repair defective work under the original contract but would charge defendant for any work above and beyond that contract. Although defendant raised a triable issue of fact whether plaintiff was seeking compensation for work already covered by the contract, there is no evidence of an "unequivocal" repudiation of the contract by plaintiff (id. [internal quotation marks omitted]).
Based on our determination that the limitation of remedies provision, precluding consequential damages, is valid and enforceable, we do not reach plaintiff's remaining contention concerning whether consequential damages were contemplated by the parties.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court