■ MOM'S BAGELS OF NEW YORK, INC., Respondent, v SIG GREENEBAUM INC., Appellant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about October 23, 1989, which granted defendant's motion for summary judgment only insofar as dismissing the request for treble damages from the complaint, is reversed, to the extent

appealed from, on the law and on the facts, defendant's motion for summary judgment is granted in its entirety, and complaint dismissed, without costs.

Mom's Bagels of New York, Inc. (Mom's) owns and operates a restaurant in New York County. In December 1986, pursuant to a written contract (invoice), Mom's purchased a special type of commercial oven (oven), known as a Bago Rack Oven, from Sig Greenebaum Inc. (Greenebaum), a distributor of bakery equipment, for $20,995.

At the time of purchase, Mom's contends that Greenebaum represented that the oven had been tested and certified by the New York City Department of Buildings, Materials and Equipment Acceptance Division (MEA), and issued an MEA number. It is undisputed that unless restaurant equipment used for food handling, cooking and/or baking has an MEA number, same may not be utilized in New York City.

After delivery and installation of the oven, when Mom's applied for gas service, Con Edison denied same on the ground that the oven did not have an MEA number. In response to Mom's complaint about the absent MEA number, Greenebaum offered to obtain same, but Mom's requested that Greenebaum remove the oven, which Greenebaum did at its own expense, refunding the purchase price to Mom's.

Subsequently, Mom's (plaintiff) commenced an action against Greenbaum (defendant) for consequential, treble, and punitive damages in the Supreme Court, New York County. The complaint, containing causes of action for breach of contract and fraud, alleges, in substance, that defendant's failure to provide an oven with an MEA number resulted in delaying the opening of plaintiff's restaurant.

Following the joinder of issue, defendant moved for summary judgment, and the IAS court granted that motion only insofar as dismissing the request for treble damages from the complaint. Defendant appeals.

· In pertinent part, the terms and conditions of the parties' sales agreement or invoice read:

"(B) SELLER SHALL NOT BE RESPONSIBLE FOR GENERAL, SPECIAL OR CONSEQUENTIAL DAMAGES ARISING FROM BREAK-DOWNS OR DEFECTIVENESS OF ANY PART OR THE FAILURE ON THE PART OF THE EQUIPMENT TO OPERATE PROPERLY. THE BUYER DOES HEREBY ACKNOWLEDGE THAT IT HAS NOT NOTIFIED SELLER OF ANY UNUSUAL OR SPECIAL DAMAGES THAT MAY ENSUE BY REASON OF A BREAK-DOWN, DEFECTIVENESS OR INOPERABILITY OF ANY PART OR EQUIPMENT SOLD HEREUNDER.

"(C) SELLER SHALL NOT BE RESPONSIBLE FOR ANY GENERAL, SPECIAL OR CONSEQUENTIAL DAMAGE TO PROPERTY OR PERSONAL INJURIES TO THE BUYER OR ANY OF ITS AGENTS, SERVANTS OR EMPLOYEES, AND ITS SOLE LIABILITY FROM BREACH OF WARRANTY *OR OTHERWISE* SHALL BE STRICTLY LIMITED TO EITHER THE RETURN OF THE GOODS SOLD HEREUNDER AND THE REPAYMENT OF THE PURCHASE PRICE; OR THAT SELLER SHALL REPAIR AND REPLACE THE NON-CONFORMING GOODS OR PARTS." (Emphasis supplied.)

After our review of the terms and conditions of the invoice, quoted *supra,* we find that, when same are applied to the facts of the instant case, the obvious conclusion is that defendant's "SOLE LIABILITY FROM BREACH OF WARRANTY OR OTHERWISE SHALL BE STRICTLY LIMITED TO EITHER THE RETURN OF THE GOODS SOLD HEREUNDER AND THE REPAYMENT OF THE PURCHASE PRICE; OR THAT SELLER [DEFENDANT] SHALL REPAIR AND REPLACE THE NON-CONFORMING GOODS OR PARTS".

We have long held that parties to a commercial contract, absent any question of unconscionability, may agree to limit the seller's liability for damages. That is precisely what the parties hereto contracted to do. *(See, Belden-Stark Brick Corp. v Rosen & Sons,* 39 AD2d 534, 535 [1st Dept 1972], *affd* 31 NY2d 884 [1972].)

Further, we find that the plain meaning of the word "otherwise", appearing after the words "breach of warranty or", encompasses within it any defect concerning the operability of the oven, including the absence of an MEA number. The Court of Appeals, in *Fiore v Fiore* (46 NY2d 971, 973 [1979]), held "[t]he courts may not rewrite a term of a contract by 'interpretation' when it is clear and unambiguous on its face".

Also, we find that the plaintiff herein is not entitled to consequential damages, since the terms and conditions of the invoice, discussed *supra,* excluded them, and plaintiff has not offered any persuasive evidence that such exclusion was unconscionable. The Uniform Commercial Code, as adopted by this State (UCC 2-719 [3]), states "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable", and we have also held that consequential damages may be limited or excluded in the absence of unconscionability *(Belfont Sales Corp. v Gruen Indus.,* 112 AD2d 96, 99 [1st Dept 1985]).

Based upon our review of the evidence offered by plaintiff, we find such evidence insufficient to establish a prima facie case for punitive damages, since the complaint alleges a private wrong, involving causes of action for breach of con-

tract, and ordinary fraud. It is well-established law that punitive damages are not available for a private wrong *(Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358 [1976]), breach of contract *(Garrity v Lyle Stuart, Inc., supra),* and ordinary fraud *(Walker v Sheldon,* 10 NY2d 401, 405 [1961]).

Moreover, we find that plaintiff has not set forth a cause of action for fraud, since plaintiff has failed to allege the essential element of injury of damage *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407 [1958]). As discussed *supra,* in accordance with the terms and conditions of the parties' agreement invoice, limiting defendant's liability for damages, plaintiff admits it has received a refund of the purchase price of the oven.

Repeatedly it has been held that " 'to defeat a motion for summary judgment the opposing party must "show facts sufficient to require a trial of any issue of fact" (CPLR 3212, subd [b])' " *(Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Ioele v Alden Press,* 145 AD2d 29, 34 [1st Dept 1989]). Applying the legal authority *supra,* to this matter, we find that plaintiff has not met its burden to raise a triable material issue of fact.

In conclusion, upon the basis of our analysis *supra,* we find that the trial court erred in not granting defendant's motion for summary judgment in its entirety.

Accordingly, we grant defendant's motion, and dismiss the complaint. Concur—Murphy, P. J., Ross, Kassal and Wallach, JJ.

Milonas, J., dissents in part in a memorandum as follows: While I agree with the majority's conclusion that the cause of action for fraud and the demand for punitive damages do not constitute viable claims and that, therefore, the motion for summary judgment dismissing those portions of the complaint should have been granted, the Supreme Court properly retained the cause of action for breach of contract. In that regard, the court correctly found that the contractual provision relied upon by defendant "applies to damage claims arising from breakdowns, defectiveness of any part or failure of the equipment to operate properly. The claim here is not that the equipment was defective or failed; it is that it was not permitted to operate in New York City." By its construction of the subject clause, the majority is ignoring the plain meaning of the language contained therein, thus limiting plaintiff's remedies in a manner simply not contemplated by the parties to the agreement.