■ KATHLEEN TAYLOR, Respondent, v CAROL A. TOMPKINS et al., Defendants, and JOHN C. SULLIVAN, Appellant. [706 NYS2d 882] —In an action, *inter alia*, to recover damages for fraud, the defendant John C. Sullivan appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered February 23, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the cause of action to recover damages for intentional infliction of emotional distress and to strike the demand for punitive damages insofar as asserted against the appellant, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly found that there are triable is-

sues of fact as to whether the plaintiff's decedent, Maude Wisman, reasonably relied upon the alleged misrepresentation made by the appellant. However, the record fails to support the plaintiff's demand for punitive damages (*see, Walker v Sheldon,* 10 NY2d 401; *Mom's Bagels v Sid Greenebaum Inc.,* 164 AD2d 820), and the complaint fails to allege outrageous conduct sufficient to support a cause of action to recover damages for intentional infliction of emotional distress (*see, Howell v New York Post Co.,* 81 NY2d 115; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.