■ CHARLES VIGLIOTTI et al., Appellants, v CARL DENICOLA, JR., et al., Defendants, and DLI CONTRACTING, INC., Respondent. [759 NYS2d 109] —In an action, inter alia, to recover damages for breach of express and implied warranties, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 2, 2002, as granted that branch of the motion of the defendant DLI Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

In an attempt to solve an erosion and settling problem at the northwest corner of the plaintiffs' newly-constructed house, the plaintiffs' architect and engineer recommended that a concrete deck and patio be attached to cause rain water to drain away from the house. The deck and patio were built by the defendant DLI Contracting, Inc. (hereinafter DLI). During the construction, DLI discovered a piling located two or three feet away from the house, and a false piling cap at the northwest corner of the house. DLI recommended that a support be constructed to connect the misplaced piling to the grade beam it was supposed to support. DLI orally agreed to construct such a support according to its own design, which was a steel cage and concrete beam extending underneath the house from the misplaced piling. Two or three years later, the plaintiffs noticed that the patio was pulling away from the house, and also noticed damage to the interior of the house apparently caused by continued settling.

The plaintiffs commenced this action alleging, inter alia, that DLI breached express and implied warranties in that the support it constructed failed to solve the problem at the northwest corner of the house. DLI moved for summary judgment,

arguing that it never warranted that its construction of the steel cage and concrete beam connecting the misplaced piling to the piling cap was a solution to the settling problem. The Supreme Court granted the motion. We reverse.

It is well settled that a court may not weigh the credibility of affiants on a motion for summary judgment unless it clearly appears that issues are not genuine but feigned (*see Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439 [1968]). According to their respective deposition testimonies, the parties disagree as to whether DLI represented to the plaintiffs that the steel cage and concrete beam was meant to permanently support the house and/or prevent further settling. Therefore, in opposition to DLI's prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the plaintiffs raised a triable issue of fact and summary judgment was inappropriate (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

DLI's remaining contentions are without merit. Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.