■ JOHN JOHN, LLC, Appellant, v EXIT 63 DEVELOPMENT, LLC, et al., Defendants, and TRITEC BUILDING CO., INC., Respondent. [825 NYS2d 539]—

In an action, inter alia, for reformation of a contract, for a judgment declaring that certain property is subject to an equitable restriction, and to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 29, 2005, as granted that branch of the motion of the defendant Tritec Building Co., Inc., which was for summary judgment dismissing the fifth, sixth, and tenth causes of action in the second amended complaint insofar as asserted against it.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The plaintiff alleges that the defendant Tritec Building Co., Inc. (hereinafter Tritec Building), breached a construction contract by constructing a hotel for the plaintiff in a location that deviated slightly from the location in the final approved construction plan. Tritec Building established prima facie entitlement to judgment as a matter of law by submitting the affidavit of an engineer employed by the company who designed the hotel, who stated, after reviewing the site plan, that the hotel was constructed properly in accordance with the plan. The plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf., Vigliotti v DeNicola*, 304 AD2d 751 [2003]).

Thus, the Supreme Court properly granted that branch of the motion of Tritec Building which was for summary judgment dismissing the fifth, sixth, and tenth causes of action in the second amended complaint insofar as asserted against it. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.