■ DAWN CONCIATORI et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [846 NYS2d 659]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), entered June 6, 2006, which granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint and denied, as academic, their motion pursuant to CPLR 3126 to strike the defendant's answer or, in the alternative, to preclude the defendant from presenting evidence at trial for failure to timely comply with certain court-ordered discovery.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the complaint and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying, as academic, the plaintiffs' motion pursuant to CPLR 3126 to strike the defendant's answer or, in the alternative, to preclude the defendant from presenting evidence at trial for failure to timely comply with certain court-ordered discovery and substituting therefor a provision denying the plaintiffs' motion on the merits; as so modified, the order is affirmed, without costs or disbursements.

On January 22, 2003 the plaintiff Dawn Conciatori (hereinafter Conciatori) was injured outside an airline terminal located at LaGuardia International Airport (hereinafter the airport). Conciatori and her husband thereafter commenced the instant personal injury action against the defendant, alleging that Conciatori sustained her injuries when she was struck by a bus operated by the defendant.

The plaintiffs requested that the defendant produce various discovery material, including information regarding the defendant's operation of buses between the airline terminals at the airport. Although various discovery was conducted between the parties, the defendant did not provide the plaintiffs with documentation pertaining to busing operations at the airport, or an opportunity to depose a witness knowledgeable about the busing operations at the airport.

Accordingly, the plaintiffs moved pursuant to CPLR 3126 to strike the defendant's answer or, in the alternative, to preclude it from presenting evidence at trial due to its failure to comply with court-ordered discovery. The Port Authority cross-moved, inter alia, for summary judgment dismissing the complaint on

the ground that either Conciatori was not struck by a bus, or, if she was struck by a bus, there was no evidence of negligence by the bus driver, or on the alternative ground that the defendant neither owned nor controlled the bus in question. The Supreme Court granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint and denied the plaintiffs' motion as academic. The plaintiffs appeal.

The defendant sustained its initial burden of making a prima facie showing of entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]) on both of the grounds set forth in its cross motion. Hence, on the question of the cause of Conciatori's injuries, the defendant submitted evidence demonstrating that Conciatori fell while running to avoid an oncoming bus and that her injuries were not due to negligence on the part of the bus driver. However, the plaintiffs submitted evidence in opposition indicating that Conciatori was struck by the bus itself, due to the negligence of its operator. A court may not weigh the credibility of witnesses on a motion for summary judgment, "unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441 [1968]; see *Ferrante v American Lung Assn.,* 90 NY2d 623, 631 [1997]). Accordingly, the plaintiffs raised triable issues of fact with regard to the cause of Conciatori's injuries, and summary judgment on that ground was inappropriate (see *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Vigliotti v DeNicola,* 304 AD2d 751, 752 [2003]; see also *Sarwar v Blackwell,* 285 AD2d 638 [2001]). Similarly, while the defendant submitted evidence indicating that it did not own or control the bus that allegedly caused Conciatori's injuries (see *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965 [1985]), the plaintiffs had no opportunity to depose a witness with knowledge regarding the defendant's control or supervisory role, if any, over the operation of the buses within the airline terminals located at the airport. Thus, evidence necessary for the plaintiffs to effectively oppose the defendant's cross motion remains exclusively in the defendant's possession (see *Levy v Board of Educ. of City of Yonkers,* 232 AD2d 377, 378 [1996]), and summary judgment on this ground should have been denied as premature (see CPLR 3212 [f]; *Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636, 638 [2006]).

The Supreme Court should have denied on the merits the plaintiffs' motion pursuant to CPLR 3126 to strike the defendant's answer or, in the alternative, to preclude the defendant from presenting evidence at trial for failure to timely comply

with certain court-ordered discovery. A court may, inter alia, strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126 [3]). However, "striking [a pleading] is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Espinal v City of New York,* 264 AD2d 806 [1999] [internal quotation marks omitted]). Although the defendant failed to produce for a deposition a witness with adequate knowledge of the operation of buses at the airport, the record does not reveal willful and contumacious disobedience warranting the extreme relief requested by the plaintiffs (*see Kuzmin v Visiting Nurse Serv. of N.Y.,* 22 AD3d 643, 644 [2005]). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.