■ MG HOTEL, LLC, Appellant, v BOVIS LEND LEASE, LMB, INC., et al., Defendants, and AMERICAN STANDARD, INC., Doing Business as THE TRANE COMPANY, et al., Respondents. [21 NYS3d 21]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about October 24, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Trane U.S. Inc., sued herein as American Standard, Inc., doing business as The Trane Company, American Standard Companies, Inc., doing business as The Trane Company, and The Trane Company, an Operating Division of American Standard, Inc. (Trane) for partial summary judgment dismissing plaintiff's breach of implied warranty claims and limiting plaintiff's damages to the purchase price of any HVAC units that are proven, at trial, to be defective, and granted defendant Vigilant Insurance Company's motion for summary judgment dismissing plaintiff's complaint against it and awarding it the contract balance of $429,194, unanimously affirmed, without costs.

Plaintiff, as owner and developer, hired defendant Bovis Lend Lease LMB, Inc. (Bovis) as construction manager, and defendant Centrifugal/Mechanical (Centrifugal) as the HVAC contractor. Defendant Vigilant issued a performance bond covering Centrifugal's performance.

Centrifugal installed HVAC systems manufactured by Trane, which plaintiff had specifically selected. Following installation, numerous problems with the HVAC units arose, including units that would heat when they were supposed to cool and units that would "freeze-up" and simply not work at all. As a result of the unit failures, plaintiff commenced this action, and Trane and Vigilant each moved for summary judgment, which the motion court correctly granted.

The written warranty that Trane provided to plaintiff expressly provided plaintiff the limited remedy of reimbursement of the purchase price for any defective units, waived any liability for consequential and incidental damages, and waived the implied warranties of merchantability and fitness for a particular purpose. The motion court, in granting Trane's motion for partial summary judgment, properly upheld these warranty provisions. The exclusive remedy provision does not fail of its essential purpose (see UCC 2-719 [2]; see also Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398, 404 [1968]), and the waiver of liability for consequential and incidental damages is not unconscionable (see UCC 2-719 [3]; Mom's Bagels of N.Y. v Sid Greenebaum Inc., 164 AD2d 820, 822 [1st Dept 1990], appeal dismissed 77 NY2d 902 [1991]). Further, the terms of Trane's express warranty are enforce-

able, notwithstanding the terms of the Centrifugal purchase order (*see* UCC 2-207; *Laidlaw Transp. v Helena Chem. Co.*, 255 AD2d 869, 870 [4th Dept 1998]).

Vigilant was entitled to summary judgment dismissing the breach of performance bond claim, as there is no evidence in the record supporting plaintiff's contention that Centrifugal defaulted under its contract with Bovis or that it caused or created the allegedly defective HVAC units (*see Levine v City of New York*, 101 AD3d 419, 420 [1st Dept 2012]). Plaintiff certified that Centrifugal's installation of the HVAC units was done according to its specifications (*see e.g. John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 539 [2d Dept 2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ. **[Prior Case History: 2014 NY Slip Op 33675(U).]**