Harriet Tubman Gardens Apt. Corp. v H.T. Dev. Corp. (2024 NY Slip Op 00677)

Harriet Tubman Gardens Apt. Corp. v H.T. Dev. Corp.

2024 NY Slip Op 00677

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 652532/14 Appeal No. 1622-1623 Case No. 2022-04370 2023-00034 

[*1]Harriet Tubman Gardens Apartment Corporation, Plaintiff-Respondent,
v
H.T. Development Corporation, Defendant, Bluestone Organization, Defendant-Respondent, York Restoration Corporation, Defendant-Appellant-Respondent.
Bluestone Organization, Inc., Third-Party Plaintiff-Respondent,
v
Job Opportunities for Women, Inc., et al., Third-Party Defendants, Arthur Kahane Architect, P.C., Third Party Defendant-Respondent- Appellant. [And Another Action]

Fern Flomenhaft PLLC, New York (Fern Flomenhaft of counsel), for appellant-respondent.
Donovan Hatem LLP, New York (Scott K. Winikow of counsel), for respondent-appellant.
Law Office of Michael E. Hatchett, Claverack (Michael E. Hatchett of counsel), for Harriet Tubman Gardens Apartment Corporation, respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Michael J. White of counsel), for Bluestone Organization, respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about March 17, 2022, which denied defendant York Restoration Corporation's (York) motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously reversed, on the law, without costs, and the motion granted.
Order, same court and Justice, entered on or about December 28, 2022, which denied third-party defendant Arthur Kahane Architect, P.C.'s motion to dismiss York's second-third party action as against it, unanimously reversed, on the law, and the motion granted, and appeal therefrom to the extent it denied York's motion to renew and reargue its summary judgment motion, dismissed, without costs, as academic to the extent it sought renewal and as taken from a nonappealable order to the extent it sought reargument.
York demonstrated prime facie entitlement to judgment as a matter of law dismissing the breach of contract and warranty claims against it by submitting evidence demonstrating that it fulfilled its limited contractual obligation to perform the masonry repairs subject to Kahane's instructions and final approval (see e.g. MG Hotel, LLC v Bovis Lend Lease, LMB, Inc., 133 AD3d 519, 521 [1st Dept 2015]; Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 325 [1st Dept 2009]). In opposition, plaintiff Harriet Tubman Gardens Apartment Corporation and defendant Bluestone Organization failed to raise a triable issue of fact. Their reliance on a 2016 field investigation report is unavailing because that report is further evidence of York's satisfactory completion of its limited contractual obligations.
Bluestone's contribution claim independently fails because the damages at issue for each of plaintiff's claims, all resting either on breach of contract or warranty, are insufficient as "purely economic loss resulting from a breach of contract does not constitute 'injury to property'" under the contribution statute CPLR 1401 (Children's Corner, 64 AD3d at 323).
Given this conclusion, the branch of York's appeal seeking renewal and the issue of the viability of York's third-party indemnification claims against Kahane are academic (see Hoover v International Bus. Machs. Corp., 35 AD3d 371, 372 [2d Dept 2006]). In any event, Kahane demonstrated entitlement to dismissal. York's common-law indemnification claim against Kahane fails as York is charged with its own wrongdoing (Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 453-454 [1st Dept 1985]). York's contract-based indemnity claims also fail because York is not in contractual privity with Kahane. York's theory that it and Kahane are both parties to "interrelated agreements," allegedly being the Banta-York and Banta-Kahane contracts, is unavailing.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February [*2]8, 2024