Wanliss v Retina Assoc. of N.Y., P.C. (2024 NY Slip Op 04478)

Wanliss v Retina Assoc. of N.Y., P.C.

2024 NY Slip Op 04478

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2021-08718
 (Index No. 8751/10)

[*1]Velda Wanliss, appellant, 
v
Retina Associates of New York, P.C., defendant, Alfred Nadel, etc., et al., respondents.

G. Wesley Simpson P.C., Brooklyn, NY, for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (David P. Johnson and Deirdre E. Tracey of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 8, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to strike the answer of the defendants Ruth H. Weichsel and Manhattan Eye, and Ear and Throat Hospital or to preclude them from testifying at trial for failure to comply with court-ordered discovery and to compel the defendant Janet L. Roen to appear for a continued deposition and to extend the time limit therefor, and granted the cross-motion of the defendants Alfred Nadel, Janet L. Roen, Ruth H. Weichsel, and Manhattan Eye, and Ear and Throat Hospital for a protective order barring a continued deposition of the defendant Janet L. Roen.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for medical malpractice against, among others, Alfred Nadel, Janet L. Roen, Ruth H. Weichsel, and Manhattan Eye, and Ear and Throat Hospital (hereinafter collectively the defendants). The plaintiff subsequently moved, inter alia, to strike the answer of Weichsel and Manhattan Eye, and Ear and Throat Hospital or to preclude them from testifying at trial for failure to comply with court-ordered discovery and to compel Roen to appear for a continued deposition and to extend the time limit for her deposition. The defendants cross-moved for a protective order barring a continued deposition of Roen. By order dated October 8, 2021, the Supreme Court denied those branches of the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"A court may strike a party's pleading or impose some other sanction if the party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910, quoting CPLR 3126[3]). However, "[b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (id. [internal quotation marks omitted]). Here, the plaintiff failed to show that the delay in scheduling the depositions of Weichsel and Manhattan Eye, and Ear and Throat Hospital was the result of willful and contumacious conduct on [*2]the part of those defendants (see Belle-Fleur v Desriviere, 178 AD3d 993, 995; Conciatori v Port Auth. of N.Y. & N.J., 46 AD3d 501, 504).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the continued deposition of Roen and to extend the time limit for her deposition. Pursuant to 22 NYCRR 202.20-b(a)(2), depositions are limited to seven hours, unless the court determines that "good cause" has been shown to extend that time limit (id. at § 202.20-b[f]). Here, the plaintiff did not demonstrate the existence of good cause to extend the time limit for Roen's deposition, which had already proceeded for more than 10 hours. The transcript of Roen's deposition does not show any significant delay caused by improper conduct or obstruction by the deponent or her attorney, and the plaintiff has not shown that seven hours was an insufficient amount of time within which to complete the deposition under the circumstances of the case. In addition, given the lack of a showing of good cause, the court properly granted the defendants' cross-motion for a protective order barring a continued deposition of Roen (see CPLR 3103[a]).
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court