## Scarsdale Dev. LLC v BK Floor Supply Inc.

2025 NY Slip Op 32278(U)

June 24, 2025

Supreme Court, Kings County

Docket Number: Index No. 525676/2024

Judge: Gina Abadi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, City Part 18 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 24th day of June, 2025.

P R E S E N T:

HON. GINA ABADI,
                    Justice.

_____

SCARSDALE DEVELOPMENT LLC,

                            Plaintiff,

          -against-

BK FLOOR SUPPLY INC. and
APPALACHIAN WOOD FLOORS, INC.,
d/b/a GRAF CUSTOM HARDWOOD,

                         Defendants.

_____

Index No.: 525676/2024

Motion Seq: 2

DECISION/ORDER

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion:

Papers                                         NYSCEF Doc No.

Notice of Motion/Cross Motion/Order to Show Cause and
Affidavits (Affirmations) Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18 – 29
Opposing Affidavits (Affirmations) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  38 – 49
Reply Affidavits (Affirmations) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  50

Upon the foregoing cited papers in this action to recover damages for (among other things) breach of express warranty, defendant Appalachian Wood Floors, Inc., doing business as Graf Custom Hardwood ("AWF"), moves for summary judgment dismissing the second cause of action for breach of express warranty as against it. Plaintiff Scarsdale Development LLC ("plaintiff") objects.

[* 1]

This action arises from the purchase and installation of approximately 5,000+ square feet of the engineered-wood flooring (the "flooring") for plaintiff's newly constructed property in Scarsdale, New York (the "property"). The flooring was sold by AWF to co-defendant BK Supply Inc. ("BK") in January 2023. BK resold and delivered the flooring to plaintiff in February 2023. The sale of the flooring by AWF to BK (as well as the latter's resale of it to plaintiff[1]) came with AWF's warranty which expressly limited plaintiff's remedies, as follows:

> "*If your [AWF] floor fails to perform under this warranty, [AWF] will decide what portion of the floor is defective and determine the cause of the problem. [AWF] will then at its option, replace or repair the portion of the floor that it determines to be defective and covered by this warranty*. In the unlikely event that [AWF] is unable to repair manufactured defects after a reasonable number of attempts, [AWF] will refund, if requested, the purchase price of the portion of the floor that was determined defective. [AWF] will not refund the installation costs or any amount beyond the purchase price of the floor."[2]

In March 2023, plaintiff entered into a contract to sell the property to nonparty 31 Murray Hill LLC (the "new owner"). Also in March 2023, the flooring was delivered to the job site at the property.[3] From April 2023 to June 2023, nonparty Trilex Construction Corp. ("Trilex"), acting on plaintiff's behalf, installed the flooring on the

---

[1] As drafted, AWF's warranty "extend[ed] only to the original purchaser of the flooring." AWF's Warranty, page 1 ("When Warranty Applies") (part of NYSCEF Doc No. 20). Nevertheless, "privity between a consumer and a manufacturer [is not required] where [, as is the case here,] the plaintiff alleges breach of an express warranty and seeks only economic damages." *Mahoney v Endo Health Sols., Inc.*, 2016 WL 3951185, *6 (SD NY 2016); *Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 173 (2d Dept 2008). *See also Randy Knitwear v American Cyanamid Co.*, 11 NY2d 5, 15-16 (1962) (applying pre-UCC law); *see further* Official Comment 3 to UCC § 2-318 ("[T]he section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain.").

[2] AWF's Warranty, page 1 ("Available Remedies") (emphasis added).

[3] Inspection Report of Steven Rockfeld at Steven Rockfeld, Inc., inspection date May 7, 2024 (NYSCEF Doc No. 49) (the "plaintiff's inspection report"), unnumbered page 5.

2

[* 2]

first and second floors of the property.[4] In early October 2023, plaintiff closed the sale of the property to the new owner. Before the new owner's family moved in, Trilex had repaired or replaced five boards of the flooring.[5] In November 2023, and after the new owner's family moved in, they noticed a further problem with the flooring and so informed plaintiff.[6]

On December 12, 2023, a BK representative (with Christopher Magnotta from Trilex in attendance) found on inspection a total of 25 defective boards, of which 24 boards were "repairable," and 1 board (although potentially repairable) "would need to be replaced" if unable to be repaired (collectively, the "identified boards").[7] Shortly thereafter in December 2023, Christopher Magnotta from Trilex provided BK's inspection report to AWF. By email, dated December 26, 2023, to Christopher Magnotta, Heath Chamberlin (an AWF sales representative) acknowledged, after reviewing BK's inspection report, the existence of a potential manufacturing defect in the identified boards and recommended that Trilex adopt BK's proposed method of repairing the identified boards with "a clear epoxy."[8]

---

[4] Affidavit of Christopher Magnotta, president of Trilex, dated May 21, 2025 (NYSCEF Doc No. 39), ¶¶ 2-3.

[5] BK's inspection report, dated December 12, 2023 (NYSCEF Doc No. 21) ("BK's inspection report"), page 1 ("Before [BK's] inspection[,] there were 5 boards that repaired or replaced by Trilex . . . before the homeowner moved in[,] per [the] email[,] dated 11.17.23[,] from Chris[topher] [Magnotta] at Trilex.").

[6] Christopher Magnotta's affidavit, ¶ 5.

[7] BK's inspection report, pages 1-2.

[8] E-mail from Heath Chamberlin (AWF) to Trilex, dated December 28, 2023 (NYSCEF Doc No. 44). Ultimately, however, the new owner was dissatisfied with the "clear epoxy" method of repair. According to plaintiff's subsequent inspection report, dated May 7, 2024, "[the new owner] agreed to have [the flooring in] one room [the upper bedroom] repaired. . . . [AWF] and BK . . . sent an installer to drill a needle-sized hole in lifted boards and inject the hole with an epoxy adhesive. The hole was filled with a matching wood filler. The floor was then to be screened and recoated. However, [the new owner] was not satisfied with the repair, so the repaired floor was not

(footnote continued)

3

[* 3]

Sometime in "or around December 2023, [AWF's president] spoke with [the new owner] . . . and [shortly thereafter] sent replacement flooring to the [property] in a good faith effort to resolve any alleged dissatisfaction with the [f]looring."[9]

Thereafter, by e-mail dated March 6, 2024, the new owner alerted BK and AWF to "the increasing severity and number of problematic floorboards at the residence[, and that] some of the problematic floor pieces [were] becoming hazardous."[10] Approximately two months later, on May 1, 2024, the new owner filed with plaintiff a Notice of Warranty Claim Form for the "[d]effective[ly] engineered flooring throughout the first and second floors[, which floor defects were] [d]iscovered shortly after the October . . . 2023 closing date."[11] By the accompanying letter, also dated May 1, 2024, the new owner requested that plaintiff "replace the flooring throughout the first and second floors."[12] The new owner asserted its claim against plaintiff under the new home warranty law (General Business Law, chapter 20, article 36-B) in connection with its purchase of the property. The new owner's statutory claim against plaintiff under the new home warranty law as a purchaser of the property had nothing to do with AWF's contractual warranty for the flooring which it issued in connection with its initial sale of the flooring to BK and, upon the latter's resale, to plaintiff.

---

screened or recoated. The second-floor bedroom is now covered with wall-to-wall broadloom carpet." Plaintiff's inspection report (NYSCEF Doc No. 49), unnumbered page 4.

[9] Affidavit of Andrew Graf, dated February 28, 2025 (NYSCEF Doc No. 19), ¶¶ 15-16.

[10] E-mail from Caren Abramovich (the new owner's representative) to "Vitaly" (at BK) and "Heath" (at AWF), dated March 6, 2024 (NYSCEF Doc No. 45).

[11] Notice of Warranty Claim Form, dated May 1, 2024 (part of NYSCEF Doc No. 47).

[12] Letter, dated May 1, 2024, from the new owner's representative to plaintiff, pages 1-2 (part of NYSCEF Doc No. 47).

4

On May 7, 2024, plaintiff's inspector (Steven Rockfeld at Steven Rockfeld, Inc.) concluded that the destructive testing of the flooring was the only proper method to determine whether the flooring was (or was not) defective, as more fully summarized in the margin.[13]

Thereafter, the new owner hired a nonparty contractor (Kais Custom Builders, LLC) at a total cost of $444,120 to replace all the flooring on the first and second floors.[14] On August 9, 2024, plaintiff settled the new owner's Notice of Warranty Claim for defective flooring by paying the new owner a lump sum of $350,000.[15]

In September 2024, plaintiff commenced this action against (among others) AWF to recover damages for breach of express warranty.[16] After AWF interposed its answer and the parties engaged in some discovery, AWF moved for summary judgment dismissing plaintiff's breach of express warranty claim as against it. On June 11, 2025, the Court reserved decision on AWF's motion.

---

[13] Plaintiff's inspection report, unnumbered page 7 ("Conclusion – The concern regarding the separation of the top wear layer can only be conclusively determined through destructive testing. This process involves removing the affected boards to pinpoint the exact location and extent of the bond breakage. Destructive testing is essential for verifying the origin and severity of the issue, enabling accurate assessment and appropriate remedial action.") (emphasis omitted).

[14] Kais Custom Builders, LLC's Invoice (undated) (NYSCEF Doc No. 46).

[15] Letter Agreement for the "Resolution of Warranty Claim on Wood Flooring," dated August 9, 2024, with the accompanying check made payable to the new owner (NYSCEF Doc No. 48).

[16] Verified Complaint, ¶¶ 32-38. The amount sought is $398,645.17, which is the sum of: (1) the $47,145.17 which plaintiff paid BK for the flooring; (2) the $350,000 which plaintiff paid in settlement of the new owner's warranty claim; and (3) the $1,500 which plaintiff paid to Steven Rockfeld, Inc. for its inspection report. *See* Verified Complaint, ¶¶ 8, 21, 22, and 38; "Wherefore" clause "b."

[* 5]

\* \* \*

Although the parties advance a multitude of arguments in favor of (and against) the relief requested in the motion, the critical and undisputed fact is that plaintiff failed to comply with the "Available Remedies" conditions precedent of AWF's warranty.[17] More specifically, plaintiff (through the new owner's contractor) had the *entire* flooring replaced *before* AWF was able (as it was expressly permitted to do so under the "Available Remedies" section of its warranty) to determine whether all of the flooring (rather than only the identified boards) was defective and, if so, to make a reasonable number of attempts to repair it. Plaintiff's separate, statutory liability to the new owner under the new home warranty law is altogether irrelevant to AWF's limited contractual warranty for the sale (and the subsequent resale) of its flooring. In opposition to AWF's prima facie showing, plaintiff failed to raise a triable issue of fact. Accordingly, dismissal of plaintiff's second cause action (and, consequently, of its entire action) as against AWF is warranted. *See Archstone v Tocci Bldg. Corp. of New Jersey, Inc.*, 101 AD3d 1059, 1062 (2d Dept 2012) (summary judgment granted to the manufacturer of doors where their end user failed to fulfill the conditions precedent to trigger the manufacturer's warranty), *lv dismissed* 21 NY3d 1035 (2013). *See also 75 First Ave. Club LLC v United Glass Sys. Corp.*, 223 AD3d 491, 492-493 (1st Dept 2024) (dismissing the end user's express warranty claim for defective glass against its manufacturer).

---

[17] "[P]arties to a commercial contract, absent any question of unconscionability, may agree to limit the seller's liability for damages. That is precisely what the parties hereto contracted to do." *Mom's Bagels of New York, Inc. v Sig Greenebaum, Inc.*, 164 AD2d 820, 822 (1st Dept 1990), *appeal dismissed* 77 NY2d 902 (1991). *See Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 16 (4th Dept 1983) (finding similar contractual language excluding consequential damages and limiting the remedy to repair or replacement in a sales contract not unconscionable).

6

[* 6]

Accordingly, it is

ORDERED that in Seq. No. 2, AWF's motion is *granted*, and the second cause of action (along with the entirety of the complaint) is dismissed as against it with prejudice and without costs/disbursements; and it is further

ORDERED that the Clerk shall enter a judgment accordingly; and it is further

ORDERED that the action is severed and continued against the remaining defendant BK Floor Supply Inc., and the caption is amended to read in its entirety as follows:

_____

SCARSDALE DEVELOPMENT LLC,

                          Plaintiff,            Index No.: <u>525676/2024</u>

      -against-

BK FLOOR SUPPLY INC.,

                          Defendant.

_____

; and it is further

ORDERED that AWF's counsel is directed to electronically serve a copy of this decision and order with notice of entry on the other parties' respective counsel, and to electronically file an affidavit of service thereof with the Kings County Clerk.

The foregoing constitutes the decision and order of the Court.

                                E N T E R,

                               _____

                              HON. GINA ABADI

                              J.S.C.

[* 7]